# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANUEL R. RUBIO, § | | |
| TDCJ No. 636767, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| v. § | | |
| § | | SA-08-CV-0942 NN |
| F. DIAZ, Gang Intelligence Sgt., § | | |
| Dolph Briscoe Unit, and § | | |
| E. KENNEDY, Senior Warden § | | |
| Dolph Briscoe Unit, § | | |
| § | | |
| Defendants. § | | |

## DISMISSAL ORDER

The matter before the court is the motion for summary judgment filed by defendants F. Diaz and E. Kennedy.[1] In the motion, the defendants advanced several arguments about why they are entitled to summary judgment. After considering the motion, I dismiss this case for failure to state a claim.

Plaintiff Manuel R. Rubio—a Texas inmate housed at the Briscoe Unit—filed this lawsuit under 42 U.S.C. § 1983, alleging a violation of his right to practice his religious beliefs.[2] Rubio alleged that Diaz—a sergeant with the Institutional Division of the Texas Department of Criminal Justice—entered his prison cell on April 8, 2008 and confiscated his writing material, including his Bible and his Bible study correspondence, pursuant to a subpoena generated by an

---

[1]Docket entry # 18.

[2]Rubio did not specify a legal basis for his claim in his original complaint, *see* docket entry # 2, but he has since made it clear that he seeks relief under section 1983, *see* docket entry # 19. In this response to the defendants' motion for summary judgment, Rubio clarified that he relies on section 1983. *See id*. at p. 2 (stating that he would not have filed a 1983 complaint had he been told who gave the order to confiscate his property).

investigation by the Texas Rangers. The parties do not dispute this allegation. In his complaint, Rubio complained that neither Diaz nor Kennedy—former warden of the Briscoe Unit—told him who ordered the seizure of his property or explained why his property was confiscated. Rubio initially sought money damages,[3] but he later clarified that he seeks only the return of his property, the release of a hold on his inmate trust account, and payment of his filing fee.[4] Based on that concession and applicable law, I dismissed any claim for monetary damages.[5]

The defendants first maintain, that to the extent that they were sued in their individual capacities, they are entitled to summary judgment on qualified immunity grounds. The examination of a claim of qualified immunity is a two-step inquiry. First, a court must determine whether the plaintiff has alleged a violation of a clearly established right. Second, the court must determine whether the [official's] conduct was objectively reasonable in light of the legal rules applicable at the time of the alleged violation.[6]

Rubio alleged that he has been "deprived of [his] religious belief by [the defendants] withholding [his] Bible, Bible Study correspondence, letters and certificates, both institutional and religious."[7] This claim is appropriately considered as alleging the violation of the First Amendment's Free Exercise Clause or the Religious Land Use and Institutional Persons Act

---

[3]*See* docket entry # 2, ¶ VI (seeking $5,000.00 for stress and mental anguish stemming from the deprivation of spiritual beliefs).

[4]*See* docket entry #s 14, 19 & 25.

[5]Docket entry # 21.

[6]*Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995).

[7]Docket entry # 2, § V.

(RLUIPA) because those laws address religious "rights, privileges, or immunities secured by the Constitution and [federal] laws."[8]

Under the Free Exercise Clause, "[t]he free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires."[9] "[T]he 'exercise of religion' often involves not only belief and profession but the performance of (or abstention from) physical acts: assembling with others for a worship service, participating in sacramental use of bread and wine, proselytizing, abstaining from certain foods or certain modes of transportation."[10] "A governmental entity "would be 'prohibiting the free exercise [of religion]' if it sought to ban such acts or abstentions only when they are engaged in for religious reasons, or only because of the religious belief that they display."[11] Rubio's allegations do not implicate these basic Free Exercise principles. Rubio's claim is a claim for the return of property—specifically, his personal religious materials. Rubio does not complain that he has been deprived of the right to believe and profess his chosen religious doctrine, denied the opportunity to assemble with others for worship service, participate in sacramental use of bread and wine, or proselytize because of his religious belief.[12] Instead, Rubio complains that his Bible

---

[8] 42 U.S.C. § 1983.

[9] *Employment Div., Dept. of Human Resources of Or. v. Smith*, 494 U.S. 872, 877 (1990). The cited decision served as the impetus for the enactment of the Religious Freedom Restoration Act in 1993.

[10] *Smith*, 494 U.S. at 877.

[11] *Id*.

[12] *See* docket entry # 19 (stating that he would not have filed this lawsuit had the defendants told him who ordered the seizure of his property and asking for the return of his property).

contains the names and addresses of family members, and that without his Bible, he cannot communicate with the family members whose addresses are in his Bible. Rubio also complains that his personal Bible has sentimental value because of the outlined scriptures.[13] No authority entitles a person to a particular Bible. Rubio is understandably frustrated that the seizure of his property thwarts his efforts to communicate with family members and deprives him of property with sentimental value, but those deprivations do not implicate the free exercise of religion. Because he alleged no conduct implicating his free exercise of religion, Rubio failed to state a claim under the Free Exercise Clause upon which relief may be granted.[14] This deficiency applies with equal force to any claim Rubio brought against the defendants in their official capacities.

Rubio also failed to allege a violation of the RLUIPA. The RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."[15] "Initially, it falls to the plaintiff to demonstrate that the government practice complained of imposes a "substantial

---

[13]Docket entry # 19, p. 3. Rubio also complains about a twenty-dollar withholding from his inmate trust account, but the with-holding has no apparent relationship to Rubio's allegation that he has been deprived of his religious belief.

[14]*See* Fed. R. Civ. P. 12(b)(6) (providing for a motion to dismiss for failure to state a claim upon which relief can be granted).

[15]42 U.S.C. § 2000cc-1(a).

4

burden" on his religious exercise."[16] "[A] government action . . . creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs."[17] Rubio does not complain about the imposition of a substantial burden on his religious exercise because he does not complain about being pressured to significantly modify his religious behavior or significantly violate his religious beliefs. Instead, he complains about being thwarted in his efforts to communicate with family members and the loss of property with sentimental value. These consequences may represent unexplainable unfairness, but they do not rise to the level of a substantial burden on Rubio's religious exercise. Without an allegation of a substantial burden, Rubio failed to state a claim upon which relief may be granted. To the extent Rubio alleges a violation of the RLUIPA, the defendants are entitled to dismissal of that claim.

For the reasons discussed above, I grant the defendants' motion (docket entry # 18) and **DISMISS** this case.

**SIGNED** on January 15, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16] *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004).

[17] *Adkins*, 393 F.3d at 570.